MATTHESON (HOLIDAY v.). See Case No. 6,602.

---

## Case No. 9,283a.

### MATTHEW v. CHASE.

[17 Betts, D. C. MS. 49.]

District Court, S. D. New York. Nov. 21, 1849.

SEAMEN'S WAGES—DIMINUTION—DRUNKENNESS—PERFORMANCE OF DUTY—ALLOWING CLAIM—DEFICIENCY IN CARGO.

[1. The drunkenness of a mate in the home and foreign ports does not bar his right to wages, unless such habits interfered with the performance of his duties, and prejudiced the vessel.]

[2. The commission of improprieties by the mate on board cannot be implied from their perpetration, however frequently and disgracefully, out of the ship.]

[3. The act of the master in allowing the mate, at the end of the voyage, his full claim for wages, and giving a draft therefor, imports that, if there was cause of complaint against the mate for intoxication, it was overlooked or forgiven.]

[4. Although it might be implied from his office that a mate was in charge of a vessel, and intrusted with receiving or unloading a cargo, yet he cannot be charged with a deficiency in the cargo in the absence of evidence that he was put to that duty, or proof that cargo was lost.]

[This was a libel by Ezra Matthew against Alfred S. Chase.]

BETTS, District Judge. The libellant sues for $83.80, the balance of wages due him as mate on the barque Samosett on a voyage from New York to Mobile, thence to Rotterdam, and back to this port. The answer admits the services, and that upon the wages agreed, after deducting payments, a balance would remain in favor of the libellant to the sum claimed, but it alleges in diminution of the demand, and also by way of recoupment to the whole amount, that the libellant did not perform his duty to the ship, but, on the contrary, at Rotterdam, while the barque was taking on cargo, and in the port of New York, while discharging cargo, he was frequently and habitually intoxicated, and guilty of gross neglect and carelessness in taking in and discharging cargo and watching the vessel, and that a large quantity of tin, of the value of $95, part of the cargo, was thereby short, and could not be found, and the respondent was compelled to pay and did pay for the same the sum of $95, and he insists he is entitled to be reimbursed the same from the wages due the libellant to the full amount. The testimony proves that the libellant was grossly intoxicated at Rotterdam, and drank to excess in New York while the vessel was unloading; but there is no proof that he at the time was in charge of the vessel, or was intrusted with receiving or unloading the cargo, or that he was intemperate whilst on board the vessel. Both these facts might probably be implied from his office, yet there should be some evidence that he was put to the duty of taking in cargo, in order to charge him with its deficiency, if any was subsequently proved to exist. There is however no evidence produced to the loss of cargo. The master averred it when called on to pay the wages, and sets up the charge in his answer, yet offers no evidence in suppport of the allegation. That branch of the defence must accordingly be laid out of the case.

The drunkenness of the libellant might have been ground for an abatement of wages, or even for a total denial of them, had it occurred on board, or the master made it cause of discipline, or even objection, during the voyage. It is not shown he did so; on the contrary, on the terminating of the voyage he made up the amount of wages, and gave the libellant an order on the owner for the payment of $81.76 in full thereof. This was an implied concession that no exceptions were taken to the conduct of the libellant in executing the duties of his office. The instance of intoxication proved occurred on shore, and habits of indulgence and excess when out of the ship might not be incompatible with a strict observance by the mate of his duties on board. At least no evidence is given that at any time on the voyage he was incapable of duty, or any way neglected it.

The libellant proves a good general character of long standing, and that he has been intrusted with the command of vessels on foreign voyages, and is a competent seaman, and man of respectable standing, and of superior capacity as a seaman.

These facts do not disprove that he was drunk in Rotterdam and New York, but I must also say the fact of such intoxication cannot of itself bar the libellant's right to wages; his irregular habits must also be proved to have interfered with the performance of his duties, and prejudiced the vessel. The act of the master in settling with the libellant after his discharge in New York, allowing his full claim for wages, in giving a written draft for the amount, imports that if he ever had cause of complaint against the mate for intoxication it had been overlooked or forgiven. I am bound therefore to consider the charge as raised because of the supposed deficiency of cargo, subsequently brought to light, and not as resting on any prejudice to the service of the vessel in the particular itself. Had the mate disqualified himself by intemperance, and thus neglected or insufficiently performed his duties, it would have been easy to make it appear by witnesses on board, and the court would certainly mark the misconduct by saving to the vessel all the indemnity which would be afforded by a subtraction of wages due. The commission of improprieties on board cannot be implied from their perpetration, however frequently and disgracefully, out of the ship. There must be a decree for the libellant to the amount of his wages admitted by the answer to be unpaid. Decree for $83.80 and costs to be taxed.